UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| JORDAN JAMES ANGER,<br><br>            Plaintiff,<br><br>     vs.<br><br>COUNTY OF HAWAII, BY AND THROUGH ITS CORPORATION COUNCIL (RENEE SCHOEN);<br><br>            Defendant. | CIV. NO. 26-00004 LEK-WRP |

**ORDER: DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE; DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT; AND DIRECTING THE CLERK'S OFFICE TO CLOSE THE CASE**

On January 5, 2026, pro se Plaintiff Jordan James Anger ("Anger") filed a Complaint for Violation of Civil Rights ("Complaint") and an Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). [Dkt. nos. 1, 2.] On February 17, 2026, this Court issued an order dismissing the Complaint without prejudice and reserving ruling on the Application ("2/17 Order"). [Dkt. no. 6.[1]] The 2/17 Order stated that, if Plaintiff chose to file an amended complaint, the deadline to do so was April 17, 2026. See id. at 18.

As of the date of this Order, Anger has neither filed an amended complaint nor requested an extension of the filing

---

[1] The 2/17 Order is also available at 2026 WL 445807.

deadline. Because Anger has not identified any circumstance which constitutes good cause warranting an extension of the April 17, 2026 deadline, this Court has the discretion to dismiss the Complaint with prejudice and close the case. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)),[2] *superseded by statute on other grounds as recognized in* Russel v. United States, Case No.: 21cv1029-LL-MDD, 2023 WL 2919319, at *3 (S.D. Cal. Apr. 12, 2023). After weighing the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011),[3] this Court finds that the public interest in the expeditious resolution of this

---

[2] Federal Rule of Civil Procedure 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[3] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citation and internal quotation marks omitted).

litigation and this Court's interest in managing the docket strongly outweigh the policy favoring the disposition of Anger's claims on the merits. Moreover, Defendant County of Hawai`i will not be prejudiced by the closure of the case because Anger did not serve the Complaint, and there are no less drastic alternatives available at this time.

The claims in Anger's Complaint, which this Court previously dismissed without prejudice, are DISMISSED WITH PREJUDICE. In light of the dismissal with prejudice, Anger's Application is DENIED AS MOOT.

This Court DIRECTS the Clerk's Office to enter final judgment and close the case on **May 5, 2026.**

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 20, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**JORDAN JAMES ANGER VS. CITY AND COUNTY OF HAWAII; CV 26-00004 LEK-WRP; ORDER:  DISMISSING PLAINTIFF'S COMPLAINT FOR VIOLATION OF CIVIL RIGHTS WITH PREJUDICE; DENYING PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS AS MOOT; AND DIRECTING THE CLERK'S OFFICE TO CLOSE THE CASE**